IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHETANAND KUMAR SEWRAZ,

    Plaintiff,

v.                                                                                                    Civil Action No. **3:08cv100**

MICHAEL MORCHOWER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Chetanand Kumar Sewraz, a federal inmate proceeding *pro se* and *in forma pauperis*, filed an amended complaint pursuant to, *inter alia*, 28 U.S.C. § 1331 and 42 U.S.C. §§ 1981, 1982, 1985, 1986, alleging violations of state and federal law.

### I. The Amended Complaint

The amended complaint is before the Court for review under Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 8(d)(1) further requires that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (*quoting Canty v. Richmond, Virginia Police Dep't*, 383 F. Supp. 1396, 1399-1400 (E.D. Va. 1974)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even *pro se* plaintiffs must recognize Rule 8's vision for "a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be

litigated, and provide a means for quick dispositions of sham claims." *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *see also Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999). Statements which are unnecessarily prolix place "'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (*quoting* 5 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1281 at 365 (1969)); *see also North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004) (Nos. 04-1305, 04-1306), *available at* 2004 WL 2603703, at *2-3.

Mr. Sewraz's amended complaint is thirty-five pages long and names ten defendants in sixteen separate causes of action. The amended complaint contains 157 separately numbered paragraphs of excessively detailed and often unnecessary factual background. Such overly inclusive allegations make it difficult to determine which facts support which cause of action. *McGuirt*, 114 F. App'x at 558-59, *available at* 2004 WL 2603703, at *2-3. The sixteen causes of action are all "shotgun pleadings" by which each count incorporates by reference the allegations of its predecessors. *Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002). Such pleadings require the Court to engage in constant cross-referencing to locate relevant allegations. *Id.* at 1296 n.9. Finally, the complaint frequently pleads evidence, and the Federal Rules of Civil Procedure discourage the pleading of evidence. *Untracht v. Fikri*, 368 F. Supp. 2d 409, 415 (W.D. Pa. 2005).

By Memorandum Order entered on August 6, 2008, the Court concluded that Mr. Sewraz's amended complaint did not comply with Federal Rule of Civil Procedure 8(a) because

it was prolix, repetitive, and overly complex. Therefore, the Court directed Mr. Sewraz to submit an amended complaint that comports with Federal Rule of Civil Procedure 8(a) or show good cause why the current amended complaint should not be dismissed. The Court informed Mr. Sewraz that should he choose to submit an amended complaint, he must thoroughly review the current amended complaint and dispense with rhetorical questions, improper argumentative detail, any unnecessary incorporation of factual allegations for particular claims, and multiplicitous claims for relief. The Court further admonished Mr. Sewraz to omit any claim against any defendant that is not well-grounded in the law.

## II. Mr. Sewraz's Response

Mr. Sewraz's response to the Court's order is two-fold. First, instead of submitting an amended complaint, Mr. Sewraz has submitted an index for his various claims. The index does not cure the deficiencies noted by the Court, including the abundance of unnecessary details and argumentative comments. Indeed, the index simply adds another layer to an already overly convoluted pleading. The second aspect of Mr. Sewraz's response is his assertion that his amended complaint comports with Federal Rule of Civil Procedure 8(a). For the reasons more fully stated in the August 6, 2008 Memorandum Order, Mr. Sewraz's assertion is rejected. Mr. Sewraz's excessive and unnecessary detail "places an unjustified burden on the court and the [defendants] because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)). The length and confusing manner of Mr. Sewraz's amended complaint fails to give the named defendants fair notice of Mr. Sewraz's claims and the grounds upon which they rest. *See Strategic Income Fund, L.L.C. v. Spear, Leeds,*

*& Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Mr. Sewraz's outstanding motions will be DENIED.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Richmond, Virginia
Date: JAN 2 8 2009