IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHETANAND KUMAR SEWRAZ,** *et al.*,

    Plaintiffs,

v.                                                                              Civil Action No. **3:08CV100**

**DAVID LONG, JR.,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Chetanand Sewraz ("Sewraz"), a federal inmate, Naarsha Devi Sewraz, and Mahendrakumar Sewraz (collectively "Plaintiffs") submitted this *pro se* civil action.[1] By Memorandum Order entered on March 17, 2011, the Court ordered Plaintiffs to serve Defendants within one hundred and twenty (120) days of the date of entry thereof. At that time, the Clerk provided Plaintiffs with a copy of the guide entitled "Information on Representing Yourself (Pro Se) in a Civil Action." This guide explains the process for conducting service on defendants. Subsequently, Plaintiffs' two motions for extension of time were denied. Sewraz asserted that he personally should be granted more time to serve Defendants and should not be held responsible for his co-Plaintiffs' non-compliance.

On August 5, 2011, by Memorandum Order, the Court directed Naarsha Devi Sewraz and Mahendrakumar Sewraz to show cause why the Court should not dismiss their claims without prejudice for failure to serve Defendants in a timely manner. The August 5, 2011 Memorandum Order also directed Sewraz to submit either (1) proof of service on all Defendants, or (2) a detailed account of his attempts to obtain Defendants' addresses and serve them. The Court

---

[1] The Court denied Plaintiffs' motion for leave to proceed *in forma pauperis*. Plaintiffs paid the full filing fee.

directed Sewraz to detail his attempts, since March 27, 2011, to obtain the papers containing Defendants' addresses from the prison staff, to detail his attempts to confer with the other Plaintiffs and describe his pursuit of obtaining Defendants' addresses from them, and to describe with particularity any other methods by which he attempted to obtain Defendants' addresses.

## I. ANALYSIS

Plaintiffs initiated this action *together* on February 8, 2008. On March 17, 2011, the Plaintiffs, *together*, were charged with serving the Defendants within 120 days. *See* Fed. R. Civ. P. 4(m). This Court has twice noted that "[t]he mere fact that one of the three Plaintiffs is incarcerated does not suffice to show good cause why an extension of the four-month time period to serve Defendants should be extended." *Sewraz v. Long*, No. 3:08cv100, at 1 (E.D. Va. June 21, 2011); *Sewraz v. Long*, No. 3:08cv100, at 1–2 (E.D. Va. Aug. 5, 2011). The relevance of the above statement has not changed. *See Cuevas v. DiPaulo*, No. 11–10884–WGY, 2011 WL 2110759, at *2–5 (D. Mass. May 23, 2011);[2] *see also Hogge v. Stephens*, No. 3:09CV582, 2011 WL 4352268, at *2 (E.D. Va. Sept. 16, 2011) (concluding that incarceration is not good cause or excusable neglect justifying a delay in service of process); *Jones v. City of Va. Beach*, No. 3:09CV754–HEH, 2011 WL 2678833, at *1–2 (E.D. Va. June 30, 2011) (concluding that plaintiff, despite his incarceration, remained responsible for serving defendants in accordance with Rule 4(m)).

---

[2] *Cuevas*, decided by the United States District Court for the District of Massachusetts ("District Court"), is analogous to the instant case. In *Cuevas*, the District Court held that the co-plaintiffs, one of whom was incarcerated, must equally share the burdens of their lawsuit (such as the filing fee), *Cuevas*, 2011 WL 2110759, at *2, even though it appeared to the District Court that the incarcerated co-plaintiff sought, as here, "to carry the laboring oar in prosecuting [the] action." *Id.* at *4. The District Court also stated that the co-plaintiffs could not "circumvent the standard notice requirements of Rule 4." *Id.* at *5.

Neither Naarsha Devi Sewraz nor Mahendrakumar Sewraz have submitted anything in response to the August 5, 2011 Memorandum Order. Sewraz submitted only a document detailing various hardships causing his failure to serve Defendants (Docket No. 52 ("Response")) and an affidavit from an individual named David Kissi. In his affidavit, David Kissi states:

> I did serve as the courier who transmitted by first class mail per the U.S. Postmaster copies on behalf of all the Plaintiffs their complaints/claims to all the Defendants cited in this case. That I swear under oath that I had alerted [the Defendants] in advance of this type of service where they are waiving conventional service. And when none of them did respond back within 30 days, I did assume their silence meant that they consent to this procedure. So I mailed on 5/25/2011 on behalf of Plaintiffs to the Defendants at their last known addresses.

(Kissi Aff. (Docket No. 51) 1.) This is not acceptable service.

### A. Failure to Demonstrate Proper Service on Any Defendant

Rule 4 of the Federal Rules of Civil Procedure dictates the manner in which a plaintiff may serve a defendant or defendants. *See* Fed. R. Civ. P. 4. A defendant may consent to waive service by returning a waiver form to the plaintiff. Fed. R. Civ. P. 4(d). If a defendant fails to return the waiver to plaintiff, then that defendant has not consented to the waiver of service and must be served according to Rule 4(e). *See* Fed. R. Civ. P. 4(d)(2). Rule 4(e) allows service pursuant to the law of the state in which the district court is located or by personal service as outlined in Rule 4(e)(2). Fed R. Civ. P. 4(e).

Sections 8.01-296(1) and (2)(a) of the Code of Virginia provide for personal service of defendants similar to that noted in Rule 4(e)(2).[3] Section 8.01-296(2)(b) of the Code of Virginia provides that:

---

[3] Both the Virginia and Federal Rules provide that service may be had by delivering a copy of the summons to the defendant personally or by leaving it at the defendant's "place of abode" with someone of suitable age. Fed. R. Civ. P. 4(e)(2)(A), (B); Va. Code Ann. § 8.01-

3

> If [personal] service cannot be effected . . . then [service may be made] by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

Va. Code. Ann. 8.01-296(2)(b). Nothing submitted by Plaintiffs, including Mr. Kissi's affidavit, indicates that any Plaintiff served any Defendant either personally, in accordance with either Rule 4(e)(2) or Va. Code 8.01-296(1), or by a waiver of service. Further, nothing in Mr. Kissi's affidavit indicates that he complied with the requirements of section 8.01-296(2)(b) of the Code of Virginia by posting service prior to mailing it. (*See* Kissi Aff. 1.) Thus, Plaintiffs fail to show proper service on any Defendant.

### B. Plaintiffs Fail to State Good Cause for Failure to Serve

Rule 4(m) requires that this Court dismiss Plaintiffs' Amended Complaint without prejudice for failure to serve Defendants within 120 days unless Plaintiffs can show good cause for the failure. Fed. R. Civ. P. 4(m). A plaintiff's *pro se* status is not sufficient to establish good cause. *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Jonas v. Citibank*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006). Rather, "[t]he court can find good cause to extend the service deadline only if the plaintiff made 'reasonable and diligent efforts to effect service' within the 120-day period." *McCollum v. GENCO Infrastructure Solutions*, No. 3:10–CV–210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (*quoting United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, at *5 (E.D. Va. May 8, 2007)). Examples of good cause in this Circuit include situations in which a defendant evaded plaintiff's attempts to perfect service, where plaintiff

---

296(1), (2)(a) (West 2011). The Federal Rules also provide for personal service through an agent. Fed. R. Civ. P. 4(e)(2)(C).

4

attempted to, but could not, identify defendant's address, and where there was evidence of settlement discussions between the parties. *Id.* (citing cases).

Though Sewraz argues that good cause exists due to difficulties in gathering Defendants' addresses, this claim fails to ring true in light of Kissi's affidavit. Sewraz admits he remained in contact with Kissi throughout the 120-day time period required for service. (Response ¶ 15.) According to his affidavit, Kissi had all of the Defendants' addresses (and a copy of the Amended Complaint) as of May 25, 2011 when, Kissi swears, he mailed copies of the Amended Complaint to the Defendants. (Kissi Aff. 1.) Yet Sewraz would have this Court believe that neither he nor his co-plaintiffs had any way of obtaining Defendants' addresses.

Sewraz fails to explain why his intermediary, Kissi, failed to effect proper service or, in the alternative, why Sewraz did not obtain Defendants' addresses (or a copy of the Amended Complaint) from Kissi. Sewraz states that both of his co-Plaintiffs had copies of the Amended Complaint but "did not have any of the Defendants' addresses." (Response ¶ 14.) Again, other than noting that his co-Plaintiffs were living in Mauritius at the time, Sewraz fails to explain why his co-Plaintiffs were unable to obtain Defendants' addresses and effect service through an intermediary.[4]

Thus, Plaintiffs have failed to show that they made diligent efforts to serve Defendants. Plaintiffs had a copy of the publication, "Information on Representing Yourself (Pro Se) in a

---

[4] Sewraz does claim that his co-Plaintiffs attempted to mail him a copy of the Amended Complaint which was "sent straight to his confiscated papers." (Response ¶ 18.) However, the Court notes that Naarsha Devi Sewraz and Mahendrakumar Sewraz remain in Mauritius and have made no effort to communicate with the Court. This lack of communication, along with their dependence on their incarcerated co-Plaintiff (Sewraz) to prosecute this action on their behalf, only serves to emphasize that Naarsha Devi Sewraz and Mahendrakumar Sewraz lack any interest in pursuing this action. *See Cuevas*, 2011 WL 2110759, at *4.

Civil Action," explaining proper service. Through Kissi, Plaintiffs had Defendants' addresses. Plaintiffs have failed to show good cause to excuse their failure to serve Defendants within the 120-day time period as required by Rule 4(m). Nothing submitted by Plaintiffs adequately explains why over three hundred days have passed since the March 21, 2011 Memorandum Order without any Plaintiff properly serving any defendant. Furthermore, nothing submitted by Plaintiffs gives this Court any indication that Defendants will be properly served at any time in the future. *Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010) (dismissing defendants where plaintiff failed to serve defendants within the 120 day period and did not suggest means for effecting service in the future); *Greene v. Neven*, No. 3:07–CV–00474–LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future."); *see Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants."). Accordingly, Plaintiffs' claims will be DISMISSED WITHOUT PREJUDICE.[5] *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) (explaining that a dismissal for failure to serve a defendant within 120 days after an action is filed should be "without prejudice").

---

[5] Because this action will be dismissed without prejudice, Sewraz is free to file a separate action with himself as the sole plaintiff.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' claims will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-24-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge